JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Eugene Hall ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court and remand for correction of the journal entry.
 I. {¶ 2} On September 22, 2005, the grand jury returned a two-count indictment against appellant. Count one charged appellant with rape in violation of R.C. 2907.02(A)(1)(b) and also alleged that the victim was under ten years old at the time of the act and that appellant compelled the victim to submit by force or threat of force. Count two charged appellant with kidnaping in violation of R.C. 2905.01, which also contained a sexual motivation specification. Both counts contained sexually violent predator specifications, which the state dismissed prior to trial.
 {¶ 3} Appellant filed a motion to suppress on which a hearing was held on June 21, 2006. The trial court denied appellant's motion after a hearing. On June 22, 2006, the trial court held a competency hearing on the issue of whether or not the alleged victim, who was under the age of ten years old at the time of trial, was competent to testify. The trial court found the victim competent to testify, and a jury trial commenced that same day. On June 26, 2006, the jury found appellant guilty of both counts in the indictment along with the furthermore clause contained in count one and the sexual motivation specification contained in count two. The trial court held an H.B. 180 and sentencing hearing on June 27, 2006. The trial court found *Page 4 
appellant to be a sexually oriented offender. The trial court also sentenced appellant to life in prison on count one and ten years on count two, the sentences to run concurrently.
 {¶ 4} According to the facts, at the time of trial, M.H. was a six-year-old girl in the second grade at Alexander Graham Bell School. Appellant is M.H.'s father. On September 3, 2006, M.H. was at Jayne Hall's ("Hall") house in Cleveland, Ohio. Hall is appellant's grandmother and M.H.'s great-grandmother.
 {¶ 5} On that same day, appellant was also at Hall's house. Appellant told M.H. to go down to the basement. Appellant and his daughter, M.H., were in the basement alone. Appellant pulled down M.H.'s pants and underwear, stood behind her and held her arms at her sides so that she could not move. Next, appellant put his "thingy" in M.H.'s "booty." It hurt M.H. and she cried.[1] Hall heard M.H. calling for her and went down to the basement to see what was going on.
 {¶ 6} Appellant pushed Hall and she fell. M.H. then went upstairs with Hall. M.H. wanted to call her mother and tell her what happened, however, Hall told her not to call her mother. M.H. spent that night at Hall's house. The next day M.H. told her mother what happened, and her mother called the police.
 {¶ 7} When the police arrived, appellant appeared to be under the influence of some intoxicant, but was clearly able to walk and provide the necessary booking *Page 5 
information to the police. Appellant told the police that he did not want to hurt his daughter, he just wanted to protect her from the demons and the devils. He also told police that he stopped because he "couldn't keep it up, it kept going down." Appellant also said that God told him to stop because it was not right, and then his grandmother came into the room so he stopped.[2]
 {¶ 8} Appellant was arrested and M.H.'s mother took her to University Hospital where she was examined by a medical doctor who performed a standard rape kit examination. The doctor did not find any injuries on M.H., but stated that a lack of findings neither ruled out nor confirmed sexual abuse. The doctor also testified that a tearful M.H. told her that her "behind hurts" because of what appellant did to her.[3]
 II. {¶ 9} First assignment of error: "The trial court erred in denying appellant's motion to suppress statements."
 {¶ 10} Second assignment of error: "The trial court erred in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution which provide rights to confrontation and cross-examination, *Page 6 
and Ohio Evidence Rules 801 and 802, when it permitted state witnesses to testify with inadmissible hearsay statements."
 {¶ 11} Third assignment of error: "The state failed to present sufficient evidence to sustain a conviction against appellant."
 {¶ 12} Fourth assignment of error: "Appellant's convictions are against the manifest weight of the evidence."
 {¶ 13} Fifth assignment of error: "Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when defense counsel called a witness without ascertaining her testimony prior to trial."
 {¶ 14} Sixth assignment of error: "Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution by failing to object to the social worker commenting on the veracity of a witness and by failing to make a motion for mistrial."
 III. {¶ 15} Appellant argues in his first assignment of error that the lower court erred in denying his motion to suppress statements. An appeal of a trial court's ruling on a motion to suppress evidence involves mixed questions of law and fact. Initially, we note that in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact *Page 7 
and evaluate the credibility of witnesses. State v. Robinson (1994),98 Ohio App.3d 560, 649 N.E.2d 18. Thus, the credibility of witnesses during a suppression hearing is a matter for the trial court. A reviewing court should not disturb the trial court's findings on the issue of credibility. State v. Mills (1992), 62 Ohio St.3d 357,582 N.E.2d 972. Accordingly, in our review we are bound to accept the trial court's findings of fact when they are supported by competent, credible evidence. State v. Harris (1994), 98 Ohio App.3d 543, 649 N.E.2d 7.
 {¶ 16} In the instant case, appellant argues that he was under the influence of drugs and, therefore, could not possibly have given a voluntary statement. However, the evidence from the suppression hearing demonstrates that appellant made a knowing and voluntary waiver of his rights. The officers testified appellant stated to them that he understood his rights. The officers further testified that although it was likely he was under the influence of some intoxicating substance, he was able to stand and walk without assistance and was not falling down.[4] In addition, the officers testified that appellant seemed coherent, seemed to understand his surroundings, and was able to provide, without delay, his prebooking information while seated in the zone car prior to making his oral statement.[5] This information included his name, address, social security number, birthday, phone number, and *Page 8 
the address where he was arrested. Additionally, there was no evidence of any mistreatment or threats by the police officers.
 {¶ 17} We find nothing in the evidence to demonstrate that the lower court improperly denied appellant's motion to suppress. Accordingly, appellant's first assignment of error is overruled.
 {¶ 18} Appellant argues in his second assignment of error that the lower court erred in violation of his constitutional right to confrontation and cross-examination and the Ohio Evidence Rules when it permitted state witnesses to testify with inadmissible hearsay statements.
 {¶ 19} Appellant's reliance on Crawford v. Washington (2004),541 U.S. 36, is misapplied in this case. Crawford only applies when the declarant does not testify at trial. Id. at 59, fn 9 ("where the declarant appears for cross-examination at trial, the confrontation clause places no constraints at all on the use of his prior testimonial statements").[6] In the case at bar, the declarant who was the subject of the testimony *Page 9 
at issue was the child victim, M.H. M.H. testified at trial and, therefore, Crawford does not apply to this issue as raised by appellant.
 {¶ 20} Appellant argues that M.H.'s statements made to the social worker in the presence of the detective were improperly admitted. However, a review of the record demonstrates that the lower court sustained appellant's objection to the social worker's testimony as it relates to repeating the victim's statements during the social worker's meeting with the victim. Furthermore, to the extent that appellant claims that the social worker should not have been able to testify that her investigative interagency disposition of the case was "substantiated," that testimony was properly admitted. State v.Smelcer (1993), 89 Ohio App.3d 115.
 {¶ 21} Appellant also argues that the social worker's testimony concerning her interview with the victim should not have been admitted by the trial court because the detective was present during the interview. However, the fact that the detective was watching the social worker's interview does not matter because that factor did not change the primary purpose of the social worker's interview, which was to initiate medical treatment if necessary. State v. Jordan, Franklin App. No. 06AP-96, 2006-Ohio-6224, at ¶ 20.[7] *Page 10 
 {¶ 22} Accordingly, we find no abuse of discretion and no error on the part of the lower court in admitting the testimony of the social worker in this instance. Appellant's second assignment of error is hereby overruled.
 {¶ 23} Because of the substantial interrelation between appellant's third and fourth assignments of error, we shall address them together. Appellant argues that the state failed to present sufficient evidence, and the convictions were against the manifest weight of the evidence.
 {¶ 24} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. With respect to sufficiency of the evidence, sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.
 {¶ 25} Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may, nevertheless, conclude that the judgment is against the weight of the evidence. Weight of the evidence concerns *Page 11 
the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jurors that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, their verdict shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id.
 {¶ 26} As to a claim that a judgment is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. State v. Martin (1983),20 Ohio App.3d 172, 20 Ohio B. 215, 485 N.E.2d 717. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. *Page 12 
 {¶ 27} It is with the above standards in mind that we begin our analysis of the case at bar. The record demonstrates that significant evidence and direct testimony were presented at trial. The victim in this case testified that she was eight years old and that appellant, her father, pulled down her pants and underwear, stood behind her, and held her sides with his arms so that she could not move.[8] Next, appellant put his "thingy" in her "booty" and it hurt.[9] Appellant, through his statements to police, admitted to pulling down the victim's pants and trying to get the demons out of her, only stopping because he "couldn't keep it up, it kept going down," and because his grandmother walked into the basement.[10]
 {¶ 28} In addition to the victim's testimony and appellant's statements, the testimony of Hall corroborates the victim's testimony. Hall testified that she heard her great-granddaughter calling from the basement, and that when she went down in the basement, she saw the victim standing there crying, with her panties pulled down and appellant standing nearby beating the washing machine, saying, "God, help me, God, help me." Hall gave a statement to the detective stating that the victim was *Page 13 
told to pull her pants down by appellant.[11] Hall also testified that after taking M.H. upstairs, she told M.H. not to tell anyone what happened in the basement.[12]
 {¶ 29} Accordingly, we find that the evidence in the case at bar is sufficient to support appellant's convictions for rape and kidnaping. Moreover, we find that the jury did not lose its way. Accordingly, appellant's third and fourth assignments of error are overruled.
 {¶ 30} Because of the substantial interrelation between appellant's fifth and sixth assignments of error, we shall address them together.
 {¶ 31} In his last two assignments of error, appellant argues he was denied effective assistance of counsel when defense counsel called a witness without ascertaining her testimony prior to trial, and when counsel failed to object to the social worker commenting on the veracity of a witness and failing to make a motion for mistrial.
 {¶ 32} In order to substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate that 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, *Page 14 80 L.Ed.2d 674; State v. Brooks (1986), 25 Ohio St.3d 144, 25 Ohio B. 190,495 N.E.2d 407. In State v. Bradley, the Ohio Supreme Court truncated this standard, holding that reviewing courts need not examine counsel's performance if appellant fails to prove the second prong of prejudicial effect. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. "The object of an ineffectiveness claim is not to grade counsel's performance." Id. at 142.
 {¶ 33} The appellant has the burden of proving ineffective assistance of counsel, and there is a strong presumption that a properly licensed trial counsel rendered adequate assistance. State v. Smith (1985),17 Ohio St.3d 98, 100, 17 Ohio B. 219, 477 N.E.2d 1128. As theStrickland court stated, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland v.Washington, 466 U.S. at 689; see, also, State v. Hamblin (1988),37 Ohio St.3d 153, 524 N.E.2d 476.
 {¶ 34} The claim of ineffective assistance of counsel requires proof that counsel's "performance has fallen below an objective standard of reasonable representation" and, in addition, prejudice arises from that performance. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. The establishment of prejudice requires proof "that there exists a reasonable *Page 15 
probability that were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, supra, paragraph three of the syllabus.
 {¶ 35} The burden is on appellant to prove ineffectiveness of counsel.State v. Smith (1985), 17 Ohio St.3d 98, 17 Ohio B. 219,477 N.E.2d 1128. Trial counsel is strongly presumed to have rendered adequate assistance. Id. Moreover, this court will not second-guess what could be considered to be a matter of trial strategy. Id. The decision to object to or to call a witness at trial is a matter of strategy. State v.Hunt (1984), 20 Ohio App.3d 310, 312, 20 Ohio B. 411, 486 N.E.2d 108.
 {¶ 36} Physical harm is not a necessary element of rape. Courts are mindful that witness credibility rests primarily with the trier of fact.State v. Evans, Cuyahoga App. No. 85396, 2005-Ohio-3847.
 {¶ 37} In the instant case, appellant argues that his trial counsel was ineffective because counsel called Hall, appellant's grandmother, as a witness. Trial counsel most likely called Hall as a witness as part of a strategy to protect appellant. Hall had attempted to protect appellant by testifying that appellant did not do anything to M.H. and that nothing happened.[13] She also testified that appellant only "almost raped" the victim. Trial counsel may have been hoping that the jury would only convict appellant on the lesser-included offense of attempted rape, which does not carry a life sentence. Indeed, the jury was instructed on the lesser-included *Page 16 
offense of attempted rape. Trial counsel attempted to ascertain as much information as possible about Hall's probable testimony prior to calling her as a witness.
 {¶ 38} In evaluating a claim of ineffective assistance of counsel, a court must be mindful that there are countless ways for an attorney to provide effective assistance in a given case, and it must give great deference to counsel's performance. Strickland, supra, at 689. Trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49,402 N.E.2d 1189.
 {¶ 39} Appellant further argues that trial counsel should have objected to the social worker's testimony that her interagency disposition was that the victim's claim was substantiated. However, as previously mentioned, such testimony is permissible. Smelcer, supra. "[A]n expert's opinion testimony on whether there was sexual abuse would aid jurors in making their decision and is, therefore, admissible pursuant to Evid.R. 702 and 704." Id. at 121, citing State v.Boston (1989), 46 Ohio St.3d 108, 128 and State v. Cornell (Nov. 27, 1991), Cuyahoga App. No. 59635 (human services worker permitted to testify that his job was to determine if the child victim was sexually abused and the validity of the allegation).
 {¶ 40} Moreover, appellant failed to demonstrate that, but for the testimony of Hall or the social worker, the jury would not have convicted appellant. We find nothing improper about trial counsel's use of Hall as a witness, his actions with the *Page 17 
social worker, or his strategy. We find trial counsel's actions to be reasonable and proper.
 {¶ 41} Accordingly, appellant was not denied effective assistance of counsel, and his final two assignments of error are overruled.
 {¶ 42} This case is hereby affirmed.
 {¶ 43} Although this case is affirmed, this court notes that prior to trial, the assistant prosecutor dismissed with no objection the sexually violent predator specifications on both counts of the indictment. Accordingly, appellant was not to be convicted of any sexual violent predator specifications.
 {¶ 44} We note the state's footnote on page one of its brief, which provides the following: "The trial court's journal entry on 7/3/2006 which states that appellant was convicted of the sexually violent predator specifications is incorrect."
 {¶ 45} Moreover, the June 22, 2006 transcript states:
 "MS. BARNETT: And also I would ask the Court, after discussing it with my supervisor, just to delete the sexually violent predator specifications on both counts of this indictment prior to the jury coming in.
 THE COURT: Okay. Thank you.
 THE COURT: I suppose there is not going to be an objection to that?
 MR. LAVELLE: No, your Honor.
 THE COURT: Ms. Barnett, you are intending to retain the sexual motivation specification in Count 2? *Page 18 
 MS. BARNETT: Yes, your Honor. And also, as I mentioned back in chambers, if the journal entry in this case could simply just reflect I amended the indictment to reflect the victim's name, that her name not appear in any journal entry."[14]
 {¶ 46} Accordingly, we order the trial court to correct its July 3, 2006 sentencing journal.
 {¶ 47} Judgment affirmed and case remanded for the limited purpose of correcting the erroneous sexual violent predator specifications in the journal entry filed on July 3, 2006.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and MARY J. BOYLE, J., CONCUR
[1] Tr. 213, 216-218.
[2] Tr. 259-260.
[3] Tr. 276, 282, 285.
[4] Tr. 41, 51.
[5] Tr. 43-44, 45-46.
[6] "Finally, we reiterate that, when the declarant appears for cross-examination at trial, the confrontation clause places no constraints at all on the use of his prior testimonial statements. SeeCalifornia v. Green, 399 U.S. 149, 162, 26 L.Ed.2d 489, 90 S.Ct. 1930
(1970). It is therefore irrelevant that the reliability of some out-of-court statements `cannot be replicated, even if the declarant testifies to the same matters in court.' Post, at,158 L.Ed.2d, at 206-207 (quoting United States v. Inadi, 475 U.S. 387, 395,89 L.Ed.2d 390, 106 S.Ct. 1121 (1986)). The clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it. (The clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted. See Tennessee v. Street, 471 U.S. 409, 414, 85 L.Ed.2d 425,105 S.Ct. 2078 (1985).)"
[7] The exception set forth in Evid.R. 803(4) extends to statements made to social workers as long as the purpose of the statement is part of initiation of medical diagnosis or treatment. State v. Nasser, Franklin App. No. 02AP-1112, 2003-Ohio-5947, at p. 52. Statements made by a child identifying the perpetrator of sexual abuse may be pertinent to both diagnosis and treatment, because such statements will assist medical personnel in treating any actual injury and in assessing the emotional and psychological impact of the abuse to formulate a counseling plan or other treatment therefor. State v. Dever,64 Ohio St.3d 401, 413, 1992-Ohio-41, 596 N.E.2d 436.
[8] Tr. 216, 218.
[9] Tr. 213, 216, 217, State's Ex. 1 and 2.
[10] Tr. 260.
[11] Tr. 366, 368.
[12] Tr. 371.
[13] Tr. 373.
[14] See June 26, 2006 transcript, pp. 71-72. *Page 1