OPINION
{¶ 1} Defendant-appellant, Martin Holloman, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief without a hearing. For the following reasons, we affirm that judgment.
 {¶ 2} A Franklin County Grand Jury indicted appellant on one count of aggravated burglary in violation of R.C. 2911.11. The charge alleged that appellant broke into an apartment and inflicted, attempted or threatened to inflict physical harm to the occupant of the apartment. After a jury trial, where appellant represented himself, the jury found appellant guilty of aggravated burglary. The trial court sentenced appellant accordingly. Appellant appealed his conviction to this court, arguing that the trial court improperly admitted hearsay testimony during his trial and that his conviction was against the manifest weight of the evidence. That appeal remains pending.
 {¶ 3} After appellant filed his direct appeal, he filed in the trial court a petition for post-conviction relief pursuant to R.C. 2953.21. In his petition, appellant claimed that his constitutional rights had been violated by the ineffective assistance of his stand-by trial counsel, and by the State's suppression of favorable evidence and withholding of a potential witness's name. The trial court denied appellant's petition without a hearing.
 {¶ 4} Appellant appeals to this court and assigns the following error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S CLAIM FOR POSTCONVICTION RELIEF AS NOT HAVING A PRIMA FACIE CLAIM ASSERTING PRO-SECUTORIAL MISCONDUCT WITHOUT CONDUCTING AN EVIDENTIARY HEARING AS REQUIRED BY R.C. 2953.21(E).
 {¶ 5} Appellant's assignment of error challenges the trial court's denial of his petition for post-conviction relief. A post-conviction proceeding is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v. Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001),92 Ohio St.3d 1441. Post-conviction review is not a constitutional right but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute. State v. Calhoun (1999),86 Ohio St.3d 279, 281. A post-conviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction.State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32;Murphy, supra. Nor does it entitle a petitioner to discovery to help establish grounds for relief. State v. Gulertekin (June 8, 2000), Franklin App. No. 99AP-900.
 {¶ 6} When a person files an R.C. 2953.21 petition, the trial court must grant a hearing unless it determines that the files and records of the case demonstrate the petitioner is not entitled to relief. R.C. 2953.21(E); State v. Jackson (1980), 64 Ohio St.2d 107, 109-110
(petitioner for post-conviction relief not automatically entitled to a hearing). In making that determination, the trial court must consider the petition, supporting affidavits, files and records, including, but not limited to, the indictment, journal entries, clerk's records and transcripts of proceedings. R.C. 2953.21(C); State v. Combs (1994),100 Ohio App.3d 90, 97. To warrant an evidentiary hearing on a petition for post-conviction relief, a petitioner must first provide evidence that demonstrates substantive grounds for relief. Hessler, at ¶ 33. That evidence must demonstrate that the denial or infringement of the petitioner's rights renders the petitioner's conviction and sentence void or voidable under the Ohio and/or United States Constitutions. Id., citing State v. Perry (1967), 10 Ohio St.2d 175, at paragraph four of the syllabus. If the petitioner does not submit evidentiary materials which facially demonstrate a constitutional violation, the court may deny the petition without a hearing. Jackson, supra, at 110;Hessler, at ¶ 33.
 {¶ 7} In reviewing whether the trial court errs in denying a petitioner's motion for post-conviction relief without a hearing, the appellate court applies an abuse of discretion standard. State v.Campbell, Franklin App. No. 03AP-147, 2003-Ohio-6305, at ¶ 14, citingCalhoun, supra, at 284 (stating the post-conviction relief "statute clearly calls for discretion in determining whether to grant a hearing").
 {¶ 8} There are a number of reasons why a trial court may deny a petition for post-conviction relief without a hearing. The court may deny a petition without a hearing when it finds that the petition does not raise a constitutional issue. Perry, supra, at paragraph four of the syllabus; Combs, supra, at 97. The trial court may also deny a petition for post-conviction relief without a hearing if it finds that the petition advances a constitutional claim, but that claim "was raised or could have been raised" during the original trial or in a subsequent appeal. Perry, at paragraph nine of the syllabus. Those claims are barred by res judicata. Id. Normally, a constitutional claim such as ineffective assistance of counsel is based on evidence in the original trial record and is, therefore, barred on post-conviction. State v.Johnson (1986), 24 Ohio St.3d 87, 88; Perry, at paragraph seven of the syllabus. Moreover, claims that could have been raised and fairly determined based on evidence in the record are also barred by res judicata even though the petitioner may have presented some additional evidence outside the record. State v. Cole (1982), 2 Ohio St.3d 112, syllabus; Combs, supra, at 97.
 {¶ 9} Another type of evidence outside the record that is insufficient to support a post-conviction petition is evidence that fails to meet a minimum level of cogency. Id. at 98, citing Cole, at 115. Likewise, evidence outside the record in the form of petitioner's own self-serving affidavit alleging constitutional deprivation will not compel a hearing.State v. Kapper (1983), 5 Ohio St.3d 36, 37-38.
 {¶ 10} Even when the evidence passes the minimum threshold of showing a constitutional claim that was not and could not have been raised in the original trial or on appeal, a trial court may still deny the petition without a hearing if the petitioner fails to demonstrate through the petition, supporting affidavits, and files and records, substantive grounds for relief. For example, if the evidence submitted is cumulative of, or alternative to, evidence presented at trial, the court may properly deny a hearing. Combs, at 98, citing State v.Powell (1993), 90 Ohio App.3d 260, 270 (cumulative evidence); State v.Post (1987), 32 Ohio St.3d 380, 387-389 (existence of alternative theories will not show ineffective assistance of trial counsel).
 {¶ 11} Appellant's assignment of error only addresses the trial court's denial of his claim for prosecutorial misconduct. Appellant claims that the State failed to disclose material evidence in violation of Brady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194. Specifically, appellant claims that the State withheld a page of a report filled out by the paramedics who treated the victim. Appellant concedes that he received the first page of the report during trial but maintains that he did not receive the second page of the report. Appellant did not attach the second page of the report to his petition for post-conviction relief.
 {¶ 12} The suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. Brady. In order to establish a Brady violation, a defendant must establish three elements: (1) that the prosecution withheld evidence, (2) that the defense was not aware of the evidence, and (3) that the evidence withheld was material. State v. Johnston
(1988), 39 Ohio St.3d 48, paragraph four of the syllabus; United Statesv. Agurs (1976), 427 U.S. 97, 103, 96 S.Ct. 2392. Appellant has not presented evidence demonstrating substantive grounds for relief underBrady.
 {¶ 13} We first note that the State did not violate Brady in regards to the first page of the report. Appellant concedes that the State disclosed the first page of the report during trial. "Brady is not violated when disclosure [of evidence] occurs during trial, even when disclosure surprises the defendant with previously undisclosed evidence." State v. lacona (2001), 93 Ohio St.3d 83, 100.
 {¶ 14} As his claim relates to the second page of the report, appellant has not demonstrated that the second page of the report was material. The withholding of exculpatory or impeachment evidence constitutes a Brady violation only if it is "material." United States v.Bagley (1985), 473 U.S. 667, 105 S.Ct. 3375. The United States Supreme Court has noted that the "touchstone of materiality is a `reasonable probability' of a different result, and the adjective is important. The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. A `reasonable probability' of a different result is accordingly shown when the government's evidentiary suppression `undermines confidence in the outcome of the trial.'"Kyles v. Whitley (1995), 514 U.S. 419, 434, 115 S.Ct. 1555, 1566, quoting Bagley, at 678.
 {¶ 15} Appellant did not submit the second page of the report with his petition. Without evidence indicating the contents of that page, appellant failed to show that the page was material and, therefore, did not provide evidence sufficient to show the State violated the dictates of Brady. See State v. Tisdale, Montgomery App. No. 19346, 2003-Ohio-4209, at ¶ 35-36 (no Brady violation for State's failure to disclose audiotape where defendant did not provide contents of audiotape); State v. Wogenstahl (June 12, 1998), Hamilton App. No. C-970238 (no Brady violation where defendant did not provide evidence of reports the State allegedly failed to disclose); State v. Young, Franklin App. No. 05AP-641, 2006-Ohio-1165, at ¶ 15 (no Brady violation where defendant fails to submit evidence indicating contents of alleged material evidence).
 {¶ 16} Because appellant failed to demonstrate substantive grounds for relief under Brady, the trial court did not err by denying this claim for relief without a hearing. Appellant's lone assignment of error is overruled. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 PETREE and TRAVIS, JJ., concur.