[Cite as *State v. Ball*, 2014-Ohio-2662.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-1030 |
| v. | : | (C.P.C. No. 06CR-7508) |
| Donovon L. Ball, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 19, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Donovon L. Ball*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1}  Defendant-appellant, Donovon L. Ball, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to correct sentence.  For the following reasons, we affirm that judgment.

## I.  Factual and Procedural Background

{¶ 2}  In 2006, appellant was indicted with three counts of rape and gross sexual imposition.  After a bench trial, the trial court found appellant guilty of one count of rape and not guilty of the remaining counts.  The trial court sentenced him accordingly.  Appellant appealed his conviction to this court and only argued that the trial court erred by admitting certain testimony.  We disagreed and affirmed appellant's conviction.  *State v. Ball*, 10th Dist. No. 07AP-818, 2008-Ohio-2648.

{¶ 3} On April 11, 2013, appellant filed a motion to correct sentence. In the motion, he argued that the trial court, at sentencing, failed to: (1) properly impose post-release control, (2) make required findings to impose greater than the minimum sentence, (3) consider sentencing factors, and (4) advise him of his sexual registration duties. The trial court denied appellant's motion, concluding that the sentencing court properly sentenced him and, to the extent appellant wanted minimum sentences, the trial court lacked authority to reconsider a final judgment.

## II. Appellant's Appeal

{¶ 4} Appellant appeals from that decision and assigns the following errors:

[1.] Trial Court abused its discretion by entering an incorrect journal entry.

[2.] Trial Court failed to properly impose Post-Release Control pursuant to Ohio Revised Code 2967.28.

[3.] Trial Court erred by not properly considering the necessary factors pursuant to Ohio Revised Code 2929.11 and 2929.12.

[4.] Trial Court failed to properly impose sanctions pursuant to Ohio Revised Code 2950 and 2929.13(I).

### A. Res Judicata

{¶ 5} Appellant's arguments in his first,[1] third, and fourth assignments of error are all barred by res judicata. The doctrine of res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Appellant's claims in these assignments of error all relate back to his sentencing in 2007 and could have been raised in his direct appeal of his original conviction. *State v. Cunningham*, 10th Dist. No. 11AP-989, 2012-Ohio-2782, ¶ 6, 8 (claims concerning sexual predator classification and sentencing issues all barred by res judicata). Because appellant could

---

[1] The "incorrect journal entry" appellant refers to is the entry of conviction and sentence arising from his conviction in 2007.

have but did not raise these arguments in that appeal, res judicata bars him from raising them in this appeal. *State v. Atkinson*, 10th Dist. No. 13AP-297, 2013-Ohio-4887, ¶ 7-8.

{¶ 6} Accordingly, we overrule appellant's first, third, and fourth assignments of error.

### B.  Failure to Impose Post-Release Control

{¶ 7} Appellant argues in his second assignment of error that his sentence is void because the trial court failed to properly impose post-release control ("PRC").  The improper imposition of PRC may render at least that portion of a sentence void.  *State v. Myers*, 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 8, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, syllabus.  Therefore, res judicata would not bar consideration of this assignment of error.  *Id.*  However, upon a review of appellant's sentencing, we conclude that the trial court properly imposed PRC.

{¶ 8} Appellant was found guilty of a first-degree felony offense and sentenced to prison.  Accordingly, the trial court had to notify him of PRC at the sentencing hearing and in the court's sentencing entry.  *State v. Holloman*, 10th Dist. No. 11AP-454, 2011-Ohio-6138, ¶ 7, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 22.  Pursuant to R.C. 2929.19(B)(2)(c) and (e), the trial court had to notify him at the sentencing hearing that he would be on PRC after his release and the consequences for violations of PRC.  PRC sanctions are also to be included in the judgment entry journalized by the court.  *State v. Boone*, 10th Dist. No. 11AP-1054, 2012-Ohio-3653, ¶ 13.

{¶ 9} Appellant argues that the trial court did not orally advise him of the consequences of violating PRC or the length of his term of PRC.  The lack of an oral advisement by itself does not render the trial court's notification insufficient.  *State v. Easley*, 10th Dist. No. 10AP-505, 2011-Ohio-2412, ¶ 14-19.  Indeed, this court has repeatedly found that a trial court meets its statutory obligations to notify a defendant of PRC "when its oral and written notifications, taken as a whole, properly informed the defendant of post-release control."  *Boone* at ¶ 18; *State v. Townsend*, 10th Dist. No. 10AP-983, 2011-Ohio-5056, ¶ 7. Thus, we must consider the totality of the circumstances to determine whether the trial court properly notified appellant of PRC.  *State v. Williams*, 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 23.

{¶ 10} At his sentencing, the trial court advised appellant that "[o]nce released from prison, you will be subject to what's called post-release control.  What that means is that the Adult Parole Authority will have supervision over you.  They will place certain restrictions on what you can and cannot do. If you violate these restrictions, say commit a new crime, they could actually send you back to prison."  (Tr. 5-6.)  In its entry of conviction and sentence, the trial court notified appellant "that he will, at the option of the Adult Parole Authority, receive a period of post-release control of 5 years and, if he violates post-release control his sentence will be extended administratively in accordance with State law."  In another document, entitled "Notice (Prison Imposed)," the trial court also notified appellant that he was subject to a period of post-release control for 5 years after his release from prison and of the possible consequences should he violate the terms of his post-release control.  Appellant signed that document.

{¶ 11} Based on all of the above, we conclude that the trial court properly notified appellant of PRC.  *Easley*.  Accordingly, we overrule appellant's second assignment of error.

## III.  Conclusion

{¶ 12} Having overruled appellant's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

CONNOR and DORRIAN, JJ., concur.

_____