[Cite as *State v. McBride*, 2014-Ohio-5102.]

IN THE COURT OF APPEALS OF OHIO

TENNTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 14AP-237<br>(C.P.C. No. 09CR03-1573) |
| v. | : | No. 14AP-238<br>(C.P.C. No. 09CR04-2027) |
| Tamboura D. McBride, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on November 18, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Shaw & Miller*, *Mark J. Miller* and *Nicholas Testa*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} In these consolidated cases, defendant-appellant, Tamboura D. McBride, appeals from judgments of the Franklin County Court of Common Pleas denying his petitions for postconviction relief without a hearing. For the following reasons, we affirm those judgments.

I. Factual and Procedural Background

{¶ 2} On May 24, 2010, a jury found appellant guilty of a number of burglaries and thefts on the campus of The Ohio State University. Those convictions were largely supported by victims' testimony that identified appellant as the perpetrator of the offenses. This court affirmed appellant's convictions. *State v. McBride*, 10th Dist. No. 10AP-585, 2011-Ohio-1490.

{¶ 3}   Appellant filed in the trial court a petition for postconviction relief pursuant to R.C. 2953.21.  He alleged that he received ineffective assistance of counsel, his burglary convictions were not proven by sufficient evidence, the prosecutor engaged in misconduct, and his sentence was improper.  The trial court denied appellant's petition, apparently concluding that res judicata barred appellant's claims but also rejecting them on their merits.

## II.  Appellant's Appeal

{¶ 4}   Appellant appeals and assigns the following errors:

> [1.] The trial court erred in finding that Appellant's claim of ineffective assistance of counsel was barred by res judicata and by denying Appellant's claim.

> [2.] The trial court erred in denying Appellant's petition for post-conviction relief because the trial court failed to consider the factors in O.R.C. 2929.11 and 2929.12.

> [3.] The trial court erred in denying Appellant's petition for post-conviction relief without first holding a hearing.

### A.  First and Second Assignments of Error–Res Judicata

{¶ 5}   In these two assignments of error, appellant argues the merits of two of his claims.  However, res judicata bars the consideration of these issues.

{¶ 6}   The doctrine of res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal.  *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.  Specifically, the doctrine of res judicata precludes a defendant from raising, in a petition for postconviction relief, an ineffective assistance of counsel claim that was or could have been raised at trial or on direct appeal. *State v. Davis*, 10th Dist. No. 13AP-98, 2014-Ohio-90, ¶ 22, quoting *State v. Vinson*, 11th Dist. No. 2007-L-088, 2008-Ohio-3059, ¶ 32. Where new counsel represents defendant on direct appeal and the ineffectiveness of trial counsel could have been determined without resort to evidence outside the record, a petition for postconviction relief alleging ineffective assistance of trial counsel is barred by res judicata.  *State v. Lentz*, 70 Ohio St.3d 527, 529-30 (1994); *State v. Cole*, 2 Ohio St.3d 112, 113-14 (1982).  To overcome the res judicata bar, the defendant must offer competent, relevant and material evidence,

outside the trial court record, to demonstrate that the defendant could not have appealed the constitutional claim based upon information in the original trial record. *State v. Young*, 10th Dist. No. 05AP-641, 2006-Ohio-1165, ¶ 20; *State v. Braden*, 10th Dist. No. 02AP-954, 2003-Ohio-2949, ¶ 27.

{¶ 7} Appellant argues that his trial counsel was ineffective for failing to file motions to suppress the victims' identifications. Appellant had new counsel representing him on his direct appeal but did not raise a claim of ineffective assistance of trial counsel in that appeal. His arguments in support of the claim are all based on the trial record, so the claim could have been fairly determined without resort to evidence outside the record in that direct appeal. He also did not present any evidence outside the record to defeat the application of res judicata. Thus, res judicata bars the consideration of his claim for ineffective assistance of counsel now. *State v. Dixon*, 10th Dist. No. 03AP-564, 2004-Ohio-3374, ¶ 12 (res judicata barred consideration of ineffective assistance of counsel claim that could have been raised on direct appeal).

{¶ 8} Additionally, the sentencing issue appellant raises could have been brought in his direct appeal and, because it was not, is also barred by res judicata. *State v. Ball*, 10th Dist. No. 13AP-1030, 2014-Ohio-2662, ¶ 5 (rejecting same claim on res judicata grounds).

{¶ 9} We overrule appellant's first and second assignments of error.

## B. Third Assignment of Error—Did the Trial Court Have to Hold a Hearing on Appellant's Petition?

{¶ 10} Appellant argues that the trial court should have held a hearing before denying his petition. We disagree.

{¶ 11} A defendant is not automatically entitled to an evidentiary hearing on a petition. *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 13, citing *State v. Jackson*, 64 Ohio St.2d 107, 110-13 (1980). We review a trial court's decision to deny a postconviction petition without a hearing for an abuse of discretion. *State v. Holloman*, 10th Dist. No. 06AP-608, 2006-Ohio-6789, ¶ 7.

{¶ 12} A trial court may dismiss a petition for postconviction relief without holding an evidentiary hearing when the doctrine of res judicata bars the claims raised in the petition. *State v. Wright*, 10th Dist. No. 08AP-1095, 2009-Ohio-4651, ¶ 11. Because the

trial court properly concluded that res judicata barred appellant's claims, it did not abuse its discretion by not holding a hearing on those claims. *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 15. We overrule appellant's third assignment of error.

### III. Conclusion

{¶ 13} For all these reasons, we overrule appellant's three assignments of error and affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

DORRIAN and O'GRADY, JJ., concur.