[Cite as *State v. Michie*, 2020-Ohio-3152.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 19AP-435 |
| v. | : | (C.P.C. No. 17CR-4752) |
| Tyrone Michie, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 2, 2020

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief**: *Tyrone Michie*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Tyrone Michie, appeals the June 10, 2019 decision of the Franklin County Common Pleas Court denying his petition for postconviction relief without a hearing, and asserts a single assignment of error:

> Trial counsel rendered ineffective assistance of counsel in violation of the Appellant's rights to the Fourth, Sixth, and Fourteenth Amendment of the United States and Ohio Constitution [sic] for failing to file a meritorious motion to suppress. Thus, Appellant's guilty plea was not knowingly, voluntarily, and intelligently entered.

{¶ 2} On June 19, 2018, Michie was sentenced to 16 years of mandatory incarceration for possession of cocaine and aggravated possession of methamphetamine.

His conviction arose from the surveillance of an apartment at 6118 Cooper Woods Drive, the delivery of packages of cocaine and methamphetamine to that apartment on August 17, 2017, and the execution of a search warrant on that apartment on August 18, 2017.

{¶ 3} At 1:24 p.m. on August 17, Michie was witnessed arriving at the apartment in his grey Chevy Malibu, keying himself into the apartment, and then leaving at 1:40 p.m. At 3:44 p.m., a man in a green GMC van arrived at the apartment, and a woman walked out of the apartment, went to the driver's side of the van, and then returned inside the apartment. The driver of the van was photographed following her inside and carrying a postal box. Two minutes later, Michie arrived back at the apartment and again keyed himself in. Within a few minutes, all three people left the apartment and drove away. The following day, the police executed a search warrant on the apartment. Although Michie had been witnessed driving through the complex where the apartment was located that morning, he was not present when the police began searching the premises. But as he was leaving another residence, Michie was stopped for a traffic violation and arrested for driving without a valid license. His keys were seized at that time, and they were subsequently used to open both the apartment and two small safes in the apartment, in which the delivered drugs were found.

{¶ 4} Following his plea and presentence investigation, Michie was sentenced to mandatory terms of incarceration totaling 16 years and a mandatory fine of $20,000. The trial court subsequently entered an order deferring collection of the fine until Michie's release. Michie did not file a direct appeal.

{¶ 5} On March 14, 2019, Michie filed a post-conviction relief petition, asserting his counsel was ineffective for failing to file a motion to suppress. Michie attached police reports and surveillance logs to his petition, and argues he was not directly seen with the narcotics and did not visit the apartment on the date the search warrant was executed. In a brief entry, the trial court denied defendant's postconviction petition and motion for appointment of counsel without a hearing: "this Court finds that Defendant has not provided sufficient evidentiary documentation to require a hearing on the matter [and] *res judicata* applies to bar Defendant's constitutional claims." (June 1, 2019 Entry.) This timely appeal followed.

{¶ 6}   R.C. 2953.21(A)(1)(a) authorizes "[a]ny person who has been convicted of a criminal offense and sentenced to death and who claims that there was a denial or infringement of the person's rights under either of those Constitutions that creates a reasonable probability of an altered verdict [to] file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."   R.C. 2953.21(A)(2) provides that "if no appeal is taken," a timely postconviction petition may be filed "no later than three hundred sixty-five days after the expiration of the time for filing the appeal."

{¶ 7}   As a general matter, "[a] petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment." *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). A petition for postconviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' "   *Id.*, quoting *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000).   And a petitioner is not automatically entitled to an evidentiary hearing on a postconviction petition.   *Id.* at ¶ 13, citing *State v. Jackson*, 64 Ohio St.2d 107, 110-13 (1980).   To warrant an evidentiary hearing, the petitioner bears the initial burden of providing evidence demonstrating a cognizable claim of constitutional error.   *Id.*, citing R.C. 2953.21(C).   Before a defendant can obtain a hearing, the defendant must provide evidentiary documentation setting forth specific operative facts to support his claims.   *State v. Kapper*, 5 Ohio St.3d 36, 38 (1983).   The trial court may deny a postconviction petition without an evidentiary hearing "if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief."   *Sidibeh* at ¶ 13, citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus.

{¶ 8}   This court reviews a trial court's decision denying a postconviction petition without a hearing for an abuse of discretion.   *See, e.g., State v. Howard*, 10th Dist. No. 15AP-161, 2016-Ohio-504, ¶ 15-21 (citing and quoting cases).   An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable.   *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).   Further, "a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported

by competent and credible evidence." *Sidibeh* at ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio- 6679, ¶ 58.

{¶ 9} Michie asserts that his plea was not valid because his counsel was constitutionally ineffective because a motion to suppress was not filed. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel's performance was deficient, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* To establish prejudice, a defendant must show there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A properly licensed attorney is presumed competent, and a defendant bears the burden of showing ineffective assistance of counsel. *State v. Hamblin*, 37 Ohio St.3d 153, 155-56 (1988). Moreover, the Sixth Amendment guarantee of the effective assistance of counsel does not require defense counsel to file or pursue a motion to suppress in every case. *State v. Flors*, 38 Ohio App.3d 133, 139 (8th Dist.1987), citing *Kimmelman v. Morrison*, 477 U.S. 365, 385-86 (1986). "In order to demonstrate ineffective assistance of counsel premised on a failure to file a motion to suppress, defendant must establish a basis existed to suppress the evidence in question." *State v. Messer-Tomak*, 10th Dist. No. 10AP-847, 2011-Ohio-3700, ¶ 41, citing *State v. Adams,* 103 Ohio St.3d 508, 2004-Ohio-5845, ¶ 35. "Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." *State v. Gibson*, 69 Ohio App.2d 91, 95 (8th Dist.1980). And "even when some evidence in the record supports a motion to suppress, we must presume that defense counsel was effective if counsel could have reasonably decided that filing a motion to suppress would have been a futile act." *State v. Phillips*, 10th Dist. No. 14AP-79, 2014-Ohio-5162, ¶ 84, citing *State v. Jones*, 10th Dist. No. 99AP-704 (June 13, 2000).

{¶ 10} There are two separate searches in Michie's case—that of the drug apartment based on a search warrant, and that of Michie himself when he was arrested. Michie's brief on appeal implies that the search of his person provided the basis for the search warrant,

but that is flatly incorrect—the investigative report that he attached to his motion for appointment of counsel states that "[w]hen the search warrant was executed * * * Detectives witnessed Tyrone Michie leaving [another] residence and arranged for Patrol Officers to make a traffic stop." (Mar. 14, 2019 Mot. for Appointment at 3.)  For that reason, it seems that the search of the apartment cannot be the subject of his complaint, and, accordingly, Michie's postconviction claims are apparently limited to the automobile stop, the search of his person, and the seizure of his keys.  He suggests that he was stopped and arrested for a minor misdemeanor traffic offense, but that is not clear from the evidentiary materials he has presented.  The evidentiary materials he attached to his petition do not address the basis of his traffic stop and arrest, and one of the exhibits he has attached to his brief indicates he was driving without a valid license and that the police who conducted the stop and arrest were acting in part on that information.

{¶ 11}  Michie seems to argue that the search warrant for the drug apartment cannot provide the probable cause required to arrest him, and if the warrant were the sole basis for his arrest he well might be correct.  But Michie was driving without a valid operator's license, and "traffic stops based on probable cause to believe a traffic violation has occurred are lawful, even where the alleged violation is minor or where the officer had an ulterior motive for initiating the stop." *State v. Salsbury*, 10th Dist. No. 07AP-321, 2007-Ohio-6857, ¶ 6, citing *Whren v. United States*, 517 U.S. 806 (1996), and *Dayton v. Erickson*, 76 Ohio St.3d 3 (1996).  Neither Michie's petition nor his brief even argue let alone establish that the traffic stop and arrest were unlawful in any way.

{¶ 12}  Reading Michie's brief most charitably, it seems that his complaint relates to the seizure of his keys, which he had on his person at the time of his detention and which were then used to unlock both the drug apartment and the two safes inside the apartment containing cocaine and methamphetamine.  But the surveillance logs Michie attached to his postconviction petition demonstrate that he had keyed himself into the drug apartment at least two times on the previous day, and they also show that he drove into the complex where the drug apartment was situated earlier that day.  Even if Michie's arrest following the traffic stop was not unsupported by probable cause—something he has not even tried to demonstrate—surely the police had probable cause to believe that Michie possessed keys that unlocked the drug house, as they had seen him unlock it two times on the previous day.

"[I]t is clear that 'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.' "   (Internal citations and quotations omitted.)  *State v. George*, 45 Ohio St.3d 325, 329 (1989), quoting *Illinois v. Gates*, 462 U.S. 213, 235 (1983). "For the run-of-the-mine case, which this surely is, we think there is no realistic alternative to the traditional common-law rule that probable cause justifies a search and seizure." *Whren* at 819.

{¶ 13} Accordingly, because the evidentiary materials that Michie attached to his postconviction petition to not demonstrate that he had a successful Fourth Amendment claim, his counsel was not ineffective for choosing not to file a motion to suppress.  And the trial court's decision to deny his postconviction petition without a hearing was therefore not erroneous.  For all these reasons, we overrule Michie's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas denying his postconviction petition without a hearing.

*Judgment affirmed.*

KLATT, J., concurs.
LUPER SCHUSTER, J., concurs separately.

LUPER SCHUSTER, J., concurring.

{¶ 14} While I concur in the judgment of the majority overruling Michie's sole assignment of error, I write separately because I would reach that result for different reasons than the majority.

{¶ 15} As this court has noted, "the doctrine of res judicata precludes a defendant from raising, in a petition for postconviction relief, an ineffective assistance of counsel claim that was or could have been raised at trial or on direct appeal." *State v. McBride*, 10th Dist. No. 14AP-237, 2014-Ohio-5102, ¶ 6, citing *State v. Davis*, 10th Dist. No. 13AP-98, 2014-Ohio-90, ¶ 22.  "To overcome the res judicata bar, the defendant must offer competent, relevant and material evidence, outside the trial court record, to demonstrate that the defendant could not have appealed the constitutional claim based upon information in the original trial record." *Id.*, citing *State v. Young*, 10th Dist. No. 05AP-641, 2006-Ohio-1165, ¶ 20; *State v. Braden*, 10th Dist. No. 02AP-954, 2003-Ohio-2949, ¶ 27.  "The evidence offered in support must 'advance the petitioner's claim beyond a mere hypothesis.' " *State v. Murphy*, 10th Dist. No. 15AP-460, 2015-Ohio-4282, ¶ 16, quoting *State v. Lawson*, 10th

Dist. No. 02AP-148, 2002-Ohio-3329, ¶ 15. "Additionally, the petitioner must not rely on evidence that was in existence or available for use at the time of trial and that the petitioner should have submitted at trial if he wished to make use of it." *Id.*, citing *Lawson* at ¶ 15.

{¶ 16} Here, Michie argues his trial counsel was ineffective for failing to file a motion to suppress the evidence obtained as a result of his traffic stop and subsequent arrest. Michie did not file a direct appeal. To the extent his arguments in support of his claim are based on the trial record, res judicata operates to bar those arguments. *McBride* at ¶ 7, citing *State v. Dixon*, 10th Dist. No. 03AP-564, 2004-Ohio-3374, ¶ 12 (finding res judicata bars consideration of an ineffective assistance of counsel claim that could have been raised on direct appeal). Additionally, to the extent Michie's claim relies on materials made available by the state during the course of discovery, even if we were to construe those materials as being outside the record for purposes of a direct appeal, those materials nonetheless were in existence and available at the time of trial if he wished to rely on them. *Murphy* at ¶ 16, citing *Lawson* at ¶ 15-16. Further, those materials do not advance his claim beyond mere hypothesis, and I would find them insufficient to overcome the res judicata bar to his claim. *Lawson* at ¶ 15. Thus, rather than engage in the *Strickland* analysis for the merits of Michie's ineffective assistance of counsel claim, as the majority does, I would instead conclude res judicata bars the consideration of Michie's claim for ineffective assistance of counsel, and I would overrule his sole assignment of error on that basis. Accordingly, I concur separately.