[Cite as *State v. Griffin*, 2022-Ohio-534.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 21AP-243 |
| v. | : | (C.P.C. No. 09CR-7439) |
| Vincent R. Griffin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 24, 2022

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Michael P. Walton*, for appellee*.*

**On brief**: *Vincent R. Griffin*, pro se.

APPEAL from the Franklin County Court of Common Pleas.

MENTEL, J.

{¶ 1} Defendant-appellant, Vincent R. Griffin, pro se, appeals from an April 22, 2021 decision and entry of the Franklin County Court of Common Pleas, denying his motion to void sentence and motion to vacate void judgment.

{¶ 2} For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} In June 2010, a jury convicted appellant of attempted rape, felonious assault, kidnapping, and abduction. The trial court convicted appellant of the related sexually violent predator and repeat violent offender specifications. The underlying facts and procedural history of this case have been set forth previously in *State v. Griffin*, 10th Dist. No. 10AP-902, 2011-Ohio-4250, ¶ 2-9 ("*Griffin I*"), *appeal not accepted*, 131 Ohio St.3d 1413, 2012-Ohio-136; *State v. Griffin*, 10th Dist. No. 13AP-182, 2014-Ohio-5659, ¶ 2-6

("*Griffin II*"); and *State v. Griffin*, 10th Dist. No. 17AP-360, ¶ 2-3 (July 27, 2017) (memorandum decision) ("*Griffin III*").

{¶ 4} Relevant to the instant case, appellant filed a "motion to void sentence" on December 19, 2019. On January 16, 2020, appellant filed a "motion to vacate void judgment." Plaintiff-appellee, the State of Ohio, filed a memorandum in opposition on January 2 and 17, 2020, to the respective motions. A reply brief was filed on January 29, 2020.

{¶ 5} On April 22, 2021, the trial court denied appellant's motions. The trial court found that, based on the contents of the filings, the motions should be construed as petitions for postconviction relief and concluded there is nothing offered in appellant's motions that have not already been reviewed by the appellate court. The trial court ultimately concluded that, even if these arguments had not been previously considered, appellant was barred from further review under the doctrine of res judicata as appellant had failed to raise these claims at trial or in his previous appeal.

{¶ 6} Appellant filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Appellant assigns the following as trial court error:

> [1.] THE TRIAL COURT INPROPERLY ALLOWED THE PROSECUTO TO USE CASE # 97CR-6574 TO ENHANCE TIME GIVEN TO GRIFFIN ON THE SEXUAL VIOLENT PREDITORSPECIFICATION INCLUDING A LIFE TIAL AND REPEAT VIOLENT OFFENDER SPECIFICATION RESULTING IN ADDICTIONAL TEN YEAR MANDATORY SENTENCES ON EACH OF THE FIRST THREE COUNTS.
>
> [2.] THE TRIAL COURT WAS REQUIRED TO VACATE CASE # 09CR7439 AFTER GRIFFN EXPRESSED ON TRIAL RECORD, THAT THE COURT WAS USING A VOID SENNTENCE/ JUDGMENT TO ENHANCE THE TIME GIVEN HIM.
>
> [3.] THE TRIAL JUDGE DO NOT HAVE JURIDICTIOAL POWER OVER THIS CASE TOO VER RIDE THE GENERAL ASSEMBLY, NOR THE OHIO SUPREME COURT ON VOID SENTENCE AND JUDGEMENT, LIKE THIS CASE THEN AND NOW.

[4.] THE FACT IS THIS CASE IS VOID, AND THIS COURT SHOULD RULE IN THE FAVOR OF GRIFFIN TO REMAND THIS CASE BACK TO THE FRANKLIN COUNTY COURT OF COMMON PLEAS TO BE VACATED.

(Sic passim.)

## III. LEGAL ANALYSIS

{¶ 8} Appellant's four assignments of error concern the trial court's denial of his motion to void sentence and motion to vacate void judgment. Preliminarily, we must address whether this appeal is barred under the doctrine of res judicata.

{¶ 9} A motion for postconviction relief is a collateral civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. *State v. Murphy*, 10th Dist. No. 00AP-233, 2000 Ohio App. LEXIS 6129, *5 (Dec. 26, 2000). Pursuant to R.C. 2953.21(D), "[b]efore granting a hearing on a petition * * * the court shall determine whether there are substantive grounds for relief." Accordingly, the petitioner has the burden to demonstrate a cognizable claim of constitutional error. *State v. Ibrahim*, 10th Dist. No. 14AP-355, 2014-Ohio-5307, ¶ 9, citing *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 15, citing R.C. 2953.21(C). If a petitioner fails to set forth sufficient operative facts to establish a substantive ground for relief, a trial court may dismiss a postconviction relief petition without an evidentiary hearing. *State v. Hough*, 10th Dist. No. 21AP-39, 2021-Ohio-2852, ¶ 8, citing *State v. Williams*, 3d Dist. No. 13-20-17, 2021-Ohio-1355, ¶ 12.

{¶ 10} A trial court may dismiss a petition for postconviction relief without a hearing if the claims asserted in the petition are precluded by res judicata. *Ibrahim* at ¶ 10, citing *Campbell* at ¶ 16, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. "Under that doctrine [of res judicata] 'a defendant cannot raise an issue in a postconviction petition if he or she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment.' " (Emphasis sic.) *Hough* at ¶ 10, quoting *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92, citing *Szefcyk* at 96; *State v. Barber*, 10th Dist. No. 16AP-172, 2017-Ohio-9257, ¶ 19 ("Stated differently, in criminal cases res judicata may preclude issues, arguments, or positions that could have been (even

if they were not actually) litigated.").  In order to circumvent the defense of res judicata, a petitioner should provide support for the claims in the petition for postconviction relief with competent, relevant, and material evidence, outside the trial court record, and it must not be evidence that existed or was available at the time of trial.  *Ibrahim* at ¶ 11, citing *State v. Braden*, 10th Dist. No. 02AP-954, 2003-Ohio-2949, ¶ 27.  A trial court's denial of a postconviction relief petition without a hearing is reviewed under an abuse of discretion analysis.  *State v. McBride*, 10th Dist. No. 14AP-237, 2014-Ohio-5102, ¶ 11; *State v. Holloman*, 10th Dist. No. 06AP-608, 2006-Ohio-6789, ¶ 7.  However, whether res judicata applies is a question of law that a reviewing court will consider de novo.  *EMC Mtge. Corp. v. Jenkins*, 10th Dist. No. 04AP-1319, 2005-Ohio-5799, ¶ 15, citing *Prairie Twp. Bd. of Trustees v. Ross*, 10th Dist. No. 03AP-509, 2004-Ohio-838, ¶ 12.

{¶ 11}  In the case sub judice, we find no error in the trial court's denial of appellant's motion to vacate sentence and motion to vacate judgment, interpreted as a postconviction relief petition, as they are barred by res judicata.  "The doctrine of res judicata 'prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated.' "  *State v. Russell*, 10th Dist. No. 06AP-498, 2006-Ohio-6221, ¶ 12, quoting *State v. Sneed*, 8th Dist. No. 84964, 2005-Ohio-1865, ¶ 16.  *See also State v. Wheeler*, 10th Dist. No. 09AP-910, 2010-Ohio-2559, ¶ 19, citing *Szefcyk*.  Here, appellant has reasserted several arguments already addressed by this court. Even if appellant has repacked these previous arguments in a novel manner, he could have raised these claims in his previous filings with this court.  As such, res judicata bars appellant from raising these issues in a subsequent petition for postconviction relief.  *See State v. Payne*, 10th Dist. No. 10AP-1188, 2011-Ohio-3930, ¶ 11.

{¶ 12}  Accordingly, the trial court did not err in denying appellant's motions to void sentence and vacate void judgment.  Appellant's four assignments of error are overruled.

## IV.  CONCLUSION

{¶ 13} Having overruled appellant's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

_____